SUMMARY ORDER

Lin Chen, a native and citizen of the People’s Republic of China, seeks review of a June 10, 2008 order of the BIA affirming the August 25, 2006 decision of Immigration Judge (“IJ”) Patricia A. Rohan, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Lin Chen, No. A96 007 410 (B.I.A. Jun. 10, 2008), aff'g No. A96 007 410 (Immig. Ct. N.Y. City Aug. 25, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), we review the IJ’s decision as the final agency determination, see Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005); Yu Sheng Zhang v. U.S. Dep’t of Justice, 362 F.8d 155, 159 (2d Cir.2004). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). ‘We review de novo questions of law and the application of law to undisputed fact.” Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
The BIA properly found that Chen was not eligible for asylum based on her mother’s forced sterilization. See Shao Yan Chen v. U.S. Dep’t of Justice, 417 F.3d 303, 305 (2d Cir.2005) (holding that children are not per se eligible for asylum based on their parents’ forcible abortions or sterilizations). Further, the IJ properly found *400 “speculative at best” Chen’s fear of persecution based on children she plans to have in the future in violation of the family planning policy. See Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005). Accordingly, the agency’s denial of her application for asylum was supported by substantial evidence.
Inasmuch as Chen failed to meet the burden of proof for asylum, she also failed to meet the higher burden of proof necessary to establish eligibility for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 155-56 (2d Cir.2006). Finally, because Chen fails to challenge the BIA’s denial of her application for CAT relief, we consider any such arguments waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005)
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.